IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LEONARDO J. MOJICA-CARRION, | No. 4:24-CV-00857 |
| Plaintiff, | (Chief Judge Brann) |
| v. | |
| ERIC D. SMITH, | |
| Defendant. | |

## MEMORANDUM OPINION

### NOVEMBER 6, 2025

Plaintiff Leonardo J. Mojica-Carrion filed the instant *pro se* Section 1983[1] action in May 2024, alleging deliberate indifference to serious medical needs by Eric D. Smith, a dentist at the State Correctional Institution, Mahanoy (SCI Mahanoy), in Frackville, Pennsylvania. Presently pending is Dr. Smith's motion for summary judgment pursuant to Federal Rule of Civil Procedure 56. Genuine disputes of material facts remain in this case, so the Court must deny Dr. Smith's Rule 56 motion.

---

[1] 42 U.S.C. § 1983. Section 1983 creates a private cause of action to redress constitutional wrongs committed by state officials. The statute is not a source of substantive rights; it serves as a mechanism for vindicating rights otherwise protected by federal law. *See Gonzaga Univ. v. Doe*, 536 U.S. 273, 284-85 (2002).

I.      **FACTUAL BACKGROUND**[2]

During all times relevant to the claims underlying this lawsuit, Mojica-Carrion was incarcerated at SCI Mahanoy.[3] In his verified amended complaint—the operative pleading in this action—he asserted a Section 1983 claim under the Eighth Amendment for deliberate indifference to serious dental needs against Dr. Smith.[4]

Specifically, Mojica-Carrion avers that on October 21, 2021, during a biennial (once every two years) preventive dental exam, he was diagnosed with cavities in his #5, #13, and #14 teeth.[5] "Restorative care" was recommended by the dental hygienist who performed the exam, which treatment plan Dr. Smith approved and signed later the same day.[6] Mojica-Carrion was placed on the institutional waiting list for treatment.[7]

---

[2]   Local Rule of Court 56.1 requires that a motion for summary judgment be supported "by a separate, short, and concise statement of the material facts, in numbered paragraphs, as to which the moving party contends there is no genuine issue to be tried." LOCAL RULE OF COURT 56.1. A party opposing a motion for summary judgment must file a separate statement of material facts responding to the numbered paragraphs set forth in the moving party's statement and identifying genuine issues to be tried. *Id.* "Statements of material facts in support of, or in opposition to, a motion [for summary judgment] shall include references to the parts of the record that support the statements." *Id.* Dr. Smith filed his statement of material facts together with his supporting brief, although both documents were filed late. *See* Docs. 53, 56, 57. Mojica-Carrion properly responded to this statement. *See* Doc. 58. To the extent that any facts are undisputed, the Court will cite directly to the parties' Rule 56.1 statements.
[3]   Doc. 56 ¶ 6.
[4]   *See generally* Doc. 23.
[5]   *Id.* ¶¶ 7-9; Doc. 56 ¶ 19(e), (f).
[6]   *Id.* ¶¶ 9-10; Doc. 23-8.
[7]   Doc. 23 ¶ 11; Doc. 56 ¶ 19(g).

Mojica-Carrion attests that on January 15, 2022, he sent Dr. Smith a written request to staff (hereinafter "request") for the prescribed restorative treatment on his teeth because he was experiencing "severe pain that interfered with his ability to sleep, eat[,] and drink."[8]  According to Mojica-Carrion, this request "went unanswered."[9]  Again, on March 25, 2022, he sent another written request for treatment to Dr. Smith, noting his severe pain and its interference with his ability to sleep, eat, and drink.[10]  Mojica-Carrion avers that this second request, too, went unanswered.[11]

On May 11, 2022, approximately seven months after his initial appointment, Mojica-Carrion submitted his first formal dental sick-call, again seeking the previously prescribed restorative treatment and explaining that he was having severe pain that affected his ability to sleep, eat, and drink.[12]  Mojica-Carrion attests that this sick-call likewise went unanswered.[13]  Two more months passed, so he submitted another request to Dr. Smith on July 4, 2022, asking why he was not receiving the previously prescribed dental care.[14]  Like his other requests, Mojica-Carrion maintains that he did not receive an answer to this third request.[15]

---

[8]  Doc. ¶ 13.
[9]  *Id.*
[10] *Id.* ¶ 14.
[11] *Id.*
[12] *Id.* ¶ 15.
[13] *Id.*
[14] *Id.* ¶ 16.
[15] *Id.*

3

Next, Mojica-Carrion asserts that he submitted a second dental sick-call on October 20, 2022, requesting to be seen because of the pain he was experiencing and its effect on his ability to sleep, eat, and drink.[16] He avers that he received no response to this second sick-call.[17]

On February 25, 2023, Mojica-Carrion submitted a third dental sick-call seeking treatment on his affected teeth, once more noting that the severe pain was interfering with his normal activities of daily living.[18] Three days later, Dr. Smith called Mojica-Carrion to the dental department for the first time since his October 2021 exam.[19] During this appointment, Mojica-Carrion avers that Dr. Smith applied "varnish" to treat the tooth sensitivity but did not address the underlying cavities.[20] Mojica-Carrion further attests that, during this visit, Dr. Smith asked him to "stop sending him requests."[21]

Eventually, Mojica-Carrion was scheduled for restorative treatment on May 31, 2023.[22] That appointment was rescheduled because Mojica-Carrion could not attend.[23] The restorative treatment was rescheduled for August 18, 2023, but was again postponed.[24] According to Mojica-Carrion's medical records, the August 18

---

[16] *Id.* ¶ 17.
[17] *Id.*
[18] *Id.* ¶ 18.
[19] *Id.* ¶ 19.
[20] *Id.* ¶ 20; Doc. 23-10.
[21] Doc. 23 ¶ 21; *see also* Doc. 57-1, Mojica-Carrion Dep. 29:6-15.
[22] Doc. 23 ¶ 24.
[23] *Id.*
[24] *Id.* ¶ 25.

appointment was canceled due to "the doctor calling off,"[25] and was rescheduled for September 13, 2023.[26]

On September 13, 2023, additional X-rays of Mojica-Carrion's teeth were taken, and James Errico, DMD, diagnosed him with "noted caries[27] #5" and "[a]dvanced decay into pulp #14," which was seen on the bitewing X-rays from 2021.[28] Dr. Errico provided the restorative care for tooth #5, but assessed tooth #14 as "non-restorable" with "caries into pulp."[29] He recommended extraction of tooth #14 during the "next visit,"[30] as the tooth—according to Mojica-Carrion's recounting of what he was told—was "too deteriorated to be saved."[31]

Mojica-Carrion was scheduled for the #14 tooth extraction on October 26, 2023, but that oral surgery was canceled because, according to the medical records, "dental staff had to report to [the] warehouse for dental tool inventory."[32] On November 12, 2023, Mojica-Carrion sent Dr. Smith a fourth request, asking to be seen because he was experiencing severe pain that was interfering with his eating, drinking, and sleeping.[33] Three days later, Dr. Smith called Mojica-Carrion to the

---

[25] *Id.*; Doc. 23-12 at 2.
[26] Doc. 23 ¶ 26.
[27] "Caries"—a medical term—is commonly referred to as a "cavity" or tooth decay. *See* JOHNS HOPKINS MEDICINE, TOOTH DECAY (CARIES OR CAVITIES), https://www.hopkinsmedicine.org/health/conditions-and-diseases/tooth-decay-caries-or-cavities (last visited Oct. 28, 2025).
[28] Doc. 23-14 at 3.
[29] *Id.*
[30] *Id.*
[31] Doc. 23 ¶ 30.
[32] Doc. 23-15 at 2.
[33] Doc. 23 ¶ 32.

dental department, where he was again X-rayed and examined.[34]  On this visit, Dr. Smith—like Dr. Errico—noted "extensive mesial/distal decay" in tooth #14 that extended "into [the] root/pulp of [the] tooth," making the tooth "non-restorable."[35]  Dr. Smith prescribed antibiotics and ibuprofen, likewise finding that extraction of tooth #14 was required.[36]

Finally, on November 29, 2023, over two years after the initial appointment, Dr. Errico extracted tooth #14.[37]  Notably, during this visit, Mojica-Carrion expressed concern to Dr. Errico about untreated tooth #13, stating that "he does not want [the] same thing to happen to #13."[38]  On December 5, 2023, Dr. Errico provided restorative treatment to tooth #13 and tooth #15.[39]

After exhausting administrative remedies, Mojica-Carrion filed the instant Section 1983 lawsuit against Dr. Smith.  He maintains that Dr. Smith denied or delayed necessary dental treatment, causing him pain, "deterioration, infection[,] and extraction[.]"[40]  Dr. Smith now moves for summary judgment on Mojica-Carrion's Eighth Amendment medical indifference claim.[41]  That Rule 56 motion is fully briefed and ripe for disposition.

---

[34] *Id.* ¶¶ 33-35.
[35] Doc. 23-17 at 3.
[36] *Id.*
[37] Doc. 23 ¶ 38; Doc. 23-18.
[38] Doc. 23-18.
[39] Doc. 23 ¶ 39; Doc. 23-19 at 3.
[40] Doc. 23 ¶ 40.
[41] Doc. 47.

## II.   STANDARD OF REVIEW

"One of the principal purposes of the summary judgment rule is to isolate and dispose of factually unsupported claims or defenses."[42]  Summary judgment is appropriate where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[43]  Material facts are those "that could alter the outcome" of the litigation, and "disputes are 'genuine' if evidence exists from which a rational person could conclude that the position of the person with the burden of proof on the disputed issue is correct."[44]

At the Rule 56 stage, the Court's function is not to "weigh the evidence and determine the truth of the matter" but rather "to determine whether there is a genuine issue for trial."[45]  The Court must view the facts and evidence presented "in the light most favorable to the non-moving party" and must "draw all reasonable inferences in that party's favor."[46]  This evidence, however, must be adequate—as a matter of law—to sustain a judgment in favor of the nonmoving party on the claim or claims at issue.[47]  A "scintilla of evidence" supporting the nonmovant's position is insufficient; "there must be evidence on which the jury

---

[42] *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986).
[43] FED. R. CIV. P. 56(a).
[44] *EBC, Inc. v. Clark Bldg. Sys., Inc.*, 618 F.3d 253, 262 (3d Cir. 2010) (quoting *Clark v. Modern Grp. Ltd.*, 9 F.3d 321, 326 (3d Cir. 1993)).
[45] *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986).
[46] *Thomas v. Cumberland County*, 749 F.3d 217, 222 (3d Cir. 2014).
[47] *Liberty Lobby*, 477 U.S. at 250-57; *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587-89 (1986).

could reasonably find for the [nonmovant]."[48]  Succinctly stated, summary judgment is "put up or shut up time" for the nonmoving party.[49]

## III.  DISCUSSION

Dr. Smith contends that he is entitled to summary judgment because Mojica-Carrion cannot proffer competent evidence to establish a serious medical need or that Dr. Smith was deliberately indifferent to that need.  The Court disagrees with both contentions.

In the context of prison medical care, the Eighth Amendment "requires prison officials to provide basic medical treatment to those whom it has incarcerated."[50]  To state an Eighth Amendment deliberate indifference claim regarding inadequate medical care, a plaintiff must plausibly allege that "(1) he had a serious medical need, (2) the defendants were deliberately indifferent to that need; and (3) the deliberate indifference caused harm to the plaintiff."[51]  A serious medical need is "one that has been diagnosed by a physician as requiring treatment or one that is so obvious that a lay person would easily recognize the necessity for a doctor's attention."[52]

---

[48] *Daniels v. Sch. Dist. of Phila.*, 776 F.3d 181, 192 (3d Cir. 2015) (quoting *Liberty Lobby*, 477 U.S. at 252) (alteration in original).
[49] *Daubert v. NRA Grp., LLC*, 861 F.3d 382, 391 (3d Cir. 2017) (quoting *Berkeley Inv. Grp. v. Colkitt*, 455 F.3d 195, 201 (3d Cir. 2006)).
[50] *Rouse v. Plantier*, 182 F.3d 192, 197 (3d Cir. 1999).
[51] *Durham v. Kelley*, 82 F.4th 217, 229 (3d Cir. 2023) (citation omitted); *see also Natale v. Camden Cnty. Corr. Facility*, 318 F.3d 575, 582 (3d Cir. 2003).
[52] *Monmouth Cnty. Corr. Inst. Inmates v. Lanzaro*, 834 F.2d 326, 347 (3d Cir. 1987).

Deliberate indifference by prison officials may be evidenced by intentional refusal to provide care known to be medically necessary, delayed provision of medical treatment for non-medical reasons, denial of prescribed medical treatment, or denial of reasonable requests for treatment resulting in suffering or risk of injury.[53] Deliberate indifference to serious medical needs is an exacting standard, requiring a showing of "unnecessary and wanton infliction of pain."[54] Claims sounding in mere medical negligence will not suffice.[55]

The Court need not spend a great deal of time on Dr. Smith's first argument. It is plainly obvious, from both the verified pleadings and attached medical records, that Mojica-Carrion has established a serious medical need. He was diagnosed with multiple cavities, including a serious cavity in tooth #14 that extended into the "pulp" of the tooth and was so substantial that oral surgery was required. According to the evidence provided by Mojica-Carrion, these cavities, left untreated for many months, caused him excruciating pain and discomfort, affecting multiple activities of daily living. The Court thus has no difficulty concluding that Mojica-Carrion has demonstrated, through competent evidence, a serious medical need.[56]

---

[53] *See Durmer v. O'Carroll*, 991 F.2d 64, 68 & n.11 (3d Cir. 1993) (quoting *Lanzaro*, 834 F.2d at 346).
[54] *Estelle v. Gamble*, 429 U.S. 97, 104 (1976) (citation omitted).
[55] *Rouse*, 182 F.3d at 197.
[56] *See, e.g., Gentilquore v. Bailey*, No. 1:23-cv-1034, 2025 WL 861396, at *1, *4 (M.D. Pa. Mar. 19, 2025) (Munley, J.) (finding that plaintiff established serious medical need when prison

9

Dr. Smith next claims that Mojica-Carrion cannot demonstrate that he was deliberately indifferent to Mojica-Carrion's serious dental needs. Once again, the Court disagrees.

Dr. Smith asserts that when he "and the dental department receive[d] Plaintiff's requests, they saw him promptly."[57] Dr. Smith appears to rely on the 2023 treatment and surgery in response to Mojica-Carrion's 2023 sick-call and requests. Yet this contention ignores the numerous requests to staff and sick-calls Mojica-Carrion attests that he made to Dr. Smith in 2022 that went unanswered. For example, according to the facts proffered by Mojica-Carrion in his verified amended complaint and deposition, the February 2023 sick-call was the *third* formal sick-call (and *sixth* communication in total) he submitted in his attempts to receive the prescribed dental treatment.

When viewing the facts in a light most favorable to Mojica-Carrion, he suffered severe pain and discomfort *for over a year* before he was seen by Dr. Smith for his serious dental issues, despite submitting half a dozen requests and

---

dentist diagnosed plaintiff's tooth as having moderate bone loss and requiring extraction); *Taylor v. County of Chester*, No. 23-cv-4031, 2023 WL 7329497, at *6 (E.D. Pa. Nov. 6, 2023) (finding that plaintiff had alleged a serious medical need "in the form of his cavities, which caused him pain and sensitivity, and interfered with his ability to eat and drink"); *Board v. Farnham*, 394 F.3d 469, 480 (7th Cir. 2005) (observing that several courts have "held that dental pain accompanied by various degrees of attenuated medical harm may constitute an objectively serious medical need" and listing cases).

[57] *See* Doc. 55 at 10-11. The Court uses the CM/ECF electronic pagination to avoid confusion.

sick-calls. Moreover, by the time he actually received treatment, restorative care was not an option for tooth #14 and it had to be extracted.

Dr. Smith further argues that the dental diagnoses and treatment at issue are "highly scientific and technical matters above that of a lay-jury-person."[58] Not so. Any lay person can understand a Section 1983 claim involving a prisoner—who is at the mercy of the penal institution for dental care—suffering multiple cavities and not having any treatment for the severe pain or sensitivity for over a year. This is not a medical malpractice claim, and Mojica-Carrion does not need an expert medical witness because he can testify to his own experiences, symptoms, and allegedly fruitless attempts to obtain necessary follow-up dental treatment from Dr. Smith.[59] Additionally, the medical records that both parties provided speak for themselves as to Mojica-Carrion's diagnoses, prescribed care, and treatment, which issues are generally undisputed.

As with the first element, the Court has little difficulty finding that Mojica-Carrion has carried his Rule 56 burden to create a genuine dispute of fact as to deliberate indifference to a serious medical need by Dr. Smith. Additionally, although not explicitly challenged by Dr. Smith, the Court observes that Mojica-

---

[58] Doc. 61 at 2.
[59] *See Pearson v. Prison Health Serv.*, 850 F.3d 526, 537 (3d Cir. 2017) (noting that Eighth Amendment medical indifference claims asserting delay or denial of medical treatment are different than adequacy-of-care claims and do not require expert testimony or other extrinsic evidence, but rather need only demonstrate to a reasonable jury that the delay or denial was "motivated by non-medical factors").

Carrion has likewise proffered sufficient evidence of harm caused by the alleged deliberate indifference—the third and final element of his Eighth Amendment claim.  Summary judgment will therefore be denied.[60]

## IV.   CONCLUSION

Based on the foregoing, the Court will deny Dr. Smith's motion for summary judgment under Federal Rule of Civil Procedure 56.  An appropriate Order follows.

BY THE COURT:

*s/ Matthew W. Brann*
Matthew W. Brann
Chief United States District Judge

---

[60]   Dr. Smith also contends that summary judgment should be granted in his favor on any official capacity claim against him.  Doc. 55 at 11-12.  However, Mojica-Carrion did not assert an official capacity claim against Dr. Smith, as he expressly asserts in his opposition brief that he raised only an individual capacity claim.  *See* Doc. 57 at 7.